**Darrell WELSH, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, and Anchorage Equal Rights Commission, Appellees.**

**No. 7122.**

Supreme Court of Alaska.

Feb. 3, 1984.

Jean S. Schanen, Wasilla, for appellant.

Philip Matricardi, Asst. Municipal Atty., Jerry Wertzbaugher, Municipal Atty., Anchorage, for appellee Municipality.

Meredith, Appel, Anchorage Equal Rights Com'n, Anchorage, for appellee Equal Rights Com'n.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

Darrell Welsh was employed as an Engineer Technician by the Anchorage Public Works Department until March, 1979. His job required the possession of a driver's license.

For at least 25 years Mr. Welsh had problems with alcohol consumption. These problems had surfaced at work, but following disciplinary proceedings in early 1978, Mr. Welsh's job performance had been at least satisfactory, and had not been affected by alcohol consumption.

On March 21, 1979, Mr. Welsh was convicted of operating a motor vehicle while intoxicated, and his driver's license was

revoked for six months. Mr. Welsh returned to work on March 27, 1979, when he was suspended from work for failure to have a driver's license. His suspension was later changed to layoff status until such time as he could acquire a driver's license. Despite his presenting first a limited license and then an unrestricted license to his employer, he was never reinstated. He was thus effectively terminated from employment.

The Anchorage Equal Rights Commission held a hearing on Darrell Welsh's case during April, 1980. At the hearing, evidence was introduced to prove that Mr. Welsh suffers from alcoholism, and that this fact constituted the real reason why Anchorage terminated his employment. Mr. Welsh argued that his alcoholism is a "physical handicap" as that term is defined in AMC 5.20.010(N),[1] and that Anchorage's discharge of him because of his alcoholism constituted "discrimination"[2] in violation of AMC 5.20.040(A).[3]

The Commission found that Mr. Welsh's drinking behavior did not constitute alcoholism, that the Municipality discharged him for good cause, and that alcoholism is not a "physical handicap" as that term is defined in AMC 5.20.010(N). On appeal, the superior court agreed that alcoholism is not a "physical handicap," and upheld the Commission's decision.

We hold that even if Darrell Welsh is medically correct in asserting that he suffers from the illness of alcoholism, his condition does not constitute a "physical handi-

cap" as the term is defined in AMC 5.20.010(N). Therefore, a discharge of Welsh on account of his condition is not "discrimination" as defined in AMC 5.20.010(D), and does not violate AMC 5.20.040.

The decision of the superior court, dated July 26, 1982 is AFFIRMED.

---

**1.** AMC 5.20.010(N) provides:
As used in this chapter: "Physical handicap" means any physical disability, infirmity, malformation, or disfigurement which is caused by bodily injury, birth defect, or illness, including diabetes, epilepsy, and including any degree of paralysis, amputation, lack of physical coordination, blindness or visual impediment, deafness or hearing impediment, or other remedial appliance or device.

**2.** AMC 5.20.010(D) provides:
As used in this chapter: "Discrimination" means any direct or indirect act or practice of exclusion, distinction, restriction, segregation, limitation, refusal, denial or any other act or practice of differentiation or preference in the treatment

of a person or persons because of race, color, religion, national origin, age, sex, marital status or physical handicap, or the aiding, abetting, inciting, coercing or compelling thereof.

**3.** AMC 5.20.040(A) reads:
It is unlawful for: An employer to refuse employment to a person, or to bar him/her from employment, or to discriminate against him/her in compensation or in a term, condition, or privilege of employment or to discharge, expel, reduce, suspend or demote him/her because of his/her race, religion, age, sex, color, national origin, marital status or physical handicap unless the reason for the discrimination is a bona fide occupational qualification.